PADDIES, Inc., and Pauline D. Ney, Plaintiffs,

v.

BROADWAY DEPARTMENT STORES, Inc., and Broadway-Hale Stores, Inc., Defendants.

PADDIES, Inc., and Pauline D. Ney, Plaintiffs,

v.

MAY DEPARTMENT STORES, a California Corporation, Defendant.

Nos. 19058, 19405.

United States District Court
S. D. California, Central Division.

Dec. 28, 1956.

Vernon D. Beehler and Huebner, Beehler, Worrel & Herzig, Los Angeles, Cal., for plaintiffs.

MacFarlane, Schaeffer & Haun, Los Angeles, Cal., for defendants, Broadway Dept. Stores, Inc., and others.

Lawler, Felix & Hall, Reed A. Stout, Edward T. Butler, Los Angeles, Cal., for May Dept. Stores, etc.

Fulwider, Mattingly & Huntley, Los Angeles, Cal., for defendants.

HARRISON, District Judge.

Involved here are two suits for infringement of Design Patent No. 144,-255, issued on March 26, 1946, to Pauline D. Ney on application filed December 7, 1945. The actions are based on complaints filed by Pauline D. Ney, as owner of the patent in suit and Paddies, Inc., as exclusive licensee thereunder. The charges of infringement are based upon the sale by defendants of certain ladies' boudoir slippers, alleged by plaintiffs to infringe the design patent in suit. The accused device being the same in both suits the cases were consolidated for trial.

This design patent covers the design or pattern from which the slipper is made, the proportions of which are said to give the slipper distinctive qualities of comfort and fit. This basic pattern is used to create a wide range of styles by varying the materials, ornamentation and color. Thus, although the various styles differ in appearance in the above manner, each slipper is cut from dies embodying the shape of the patented design.

Plaintiff, Pauline D. Ney, is principal owner and manager of Paddies, Inc.. By her skill, imagination and efforts she has built Paddies from a spare time hobby into a thriving enterprise with retail buyers in every state of the Union.

The slippers were attractive and sold well. Moreover, customers found them comfortable and of good quality, and Paddies proved to be a good resale item. As is often the case, competitors also discovered this and imitations began to appear.

Defendants purchased quantities of slippers called "Geisha Pearls", which were imitations of Paddies, from Christian Zimmerman & Son Co. of New York. These slippers had been manufactured in Japan by Amerex International Corporation of Tokyo for Dessy-Atco Co., Inc., importers of New York City. Defendants placed these imitations on sale in their large Southern California stores at a price substantially lower than the prevailing price of Paddies.

Plaintiffs instituted suit for infringement of the patent. No claim of unfair competition has been raised. Defendants have interposed several affirmative defenses including prior public use. Only one of these, that of prior public use, need be considered here since it is, unfortunately, determinative of the case. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L. Ed. 1644.

35 U.S.C.A. § 282 sets forth the defenses available in a patent infringement action, including:

"(2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability, * *."

Section 102 (from Part II) of Title 35 provides in part:

"A person shall be entitled to a patent unless * * *

"(b) the invention was patented or described in a printed publication in this or a foreign country or in

public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, * * *."

The patent in suit is thus invalidated if it is established that the invention covered thereby was publicly used more than one year prior to the application date, i. e., on or before December 7, 1944.

The testimony of Mrs. Ney reveals that she first began making slippers twenty years ago, and that she first made slippers embodying the pattern of the present manufacture about eighteen years ago. At this time she had no intention of selling the slippers, but made them for family use and for gifts. During the approximate period from 1938 to 1946, Mrs. Ney made gifts to friends of up to a dozen pairs per year of slippers made from the same pattern as the present Paddies. There is no indication that the donees' use of the slippers was in any way restricted, nor that any secrecy was imposed. No experimental use was involved. Mrs. Ney, in fact, testified that she had no idea she would ever sell the slippers.

Under the concept of "public use" evolved by a long line of cases, this generosity has proved to be plaintiff's undoing so far as the present action is concerned.

■ The general rule is stated to be that a use is public where it follows a transfer of the thing used from its inventor to the user, without reserving any control over it, and without expecting to make any change in it, and without any restriction. Walker on Patents (Deller's Edition), Vol. 1, p. 345–346; Root v. Third Avenue Railroad Co., 146 U.S. 210, 221, 13 S.Ct. 100, 36 L.Ed. 946.

■ The cases make it clear that to constitute a public use only one specimen of the article need be used, Consolidated Fruit-Jar Co. v. Wright, 94 U.S. 92, 94, 24 L.Ed. 68; Smith & Griggs Mfg. Co. v. Sprague, 123 U.S. 249, 8 S.Ct. 122, 31 L.Ed. 141; Bourne v. Jones, 5 Cir., 1953, 207 F.2d 173, affirming D.C., 114 F.Supp. 413, certiorari denied 346 U.S. 897, 74

S.Ct. 220, 98 L.Ed. 398; that use by one person alone is sufficient, Egbert v. Lippman, 104 U.S. 333, 26 L.Ed. 755; Jordan v. Hemphill Co., 4 Cir., 1950, 180 F.2d 457; that the article need not have been on public display if ordinary use would keep it veiled from the view of the general public, Hall v. Macneale, 107 U.S. 90, 96, 2 S.Ct. 73, 27 L.Ed. 367; and that use by a donee constitutes public use, no sale or profit being necessary. Egbert v. Lippman, supra.

The oft-cited case of Egbert v. Lippman, supra, involved a fact situation almost identical to the present one. In that case the inventor of a corset spring made a gift of the device to a friend who used it for some years before the inventor obtained a patent. This was held to be a public use and invalidated the patent.

"Whether the use of an invention is public or private does not depend necessarily upon the number of persons to whom its use is known. If an inventor, having made his device, gives or sells it to another, to be used by the donee or vendee, without limitation or restriction, or injunction of secrecy, and it is so used, such use is public, even though the use and knowledge of the use may be confined to one person."

■ Plaintiffs contend that prior public use may not be relied upon by defendants to invalidate the patent since notice of the names and addresses of alleged prior users was not given to plaintiffs thirty days before trial. 35 U.S. C.A. § 282. But the purpose of this section is to protect the patentee against surprise by testimony at the trial which he has no chance to prepare for or to controvert. Where the prior use was by or under the patentee, this notice requirement is inapplicable. This is particularly true where the prior use is shown by the patentee's own testimony. American Hide & Leather Splitting & Dressing Machine Co. v. American Tool & Machine Co., 1 Fed.Cas. page 647, No. 302; National Biscuit Co. v. Crown Baking Co., 1 Cir., 105 F.2d 422, 428; Dey

Time-Register Co. v. W. H. Bundy Recording Co., 2 Cir., 178 F. 812, 818. Furthermore, the evidence was received without objection. National Biscuit Co. v. Crown Baking Co., supra.

■ The evidence in the present case, by clear and convincing evidence, shows that the article covered by plaintiff's patent had been subject to the unrestricted use of several dozens of persons for many years prior to the application for a patent. In view of the overwhelming weight of authority I have no alternative but to reluctantly hold the patent in suit invalidated by prior public use. That plaintiff's initiative and enterprise should be so rewarded is unfortunate and undeserved, but the law which this court is bound to follow clearly dictates the result.

It is hereby ordered that judgment of dismissal be entered for defendants. Defendants are directed to submit proposed findings and judgment to the court for approval under the rules of the court.